THOMAS S. NEWLIN, surviving partner of NEWLIN & WOOLLASTON, d. b. *vs.* JOHN DUNCAN, p. b.

The acknowledgment of a debt barred by limitation *revives the old debt* and does not create a *new obligation.*

Payment of a part of a debt, or any recognition of a debt existing or acknowledgment of a subsisting demand, is evidence of a promise to pay it and prevents the operation of the act of limitations.

The principle of that act is a presumption of payment which a slight acknowledgment may rebut.

QUESTIONS of law reserved by the Superior Court in Newcastle county to be heard in the Court of Errors and Appeals.

☞See the case, ante page 109.

First. Whether entries in partnership books, as set forth in this case, (page 110 ante) made by a deceased partner, are acknowledgments of a subsisting demand under the hand of the party, within the meaning of the fifth section of the act of limitations (*Digest* 397,) so as to charge a surviving partner in an action against him upon a promissory note commenced more than six years after it is due, and to which the act of limitations is pleaded in bar.

Second. Whether such entries being made more than *three* years before action brought will prevent the operation of the act as a bar to the plff's. recovery when pleaded.

*Bayard*, for defendant below.

Action brought 1st May 1832, on a promissory note dated 13th October 1823 payable at sixty days, to wit, 15th December 1823. Pleas, non-assumpsit and the act of limitations. Verdict for plff. On the books of Newlin & Woollaston were the following entries: July 3rd 1826, credit by $100, and interest on this note; 7th May 1827, interest up to date, and 31st December 1827, interest to date. The entry of 3rd July 1826, was in the handwriting of Woollaston, one of the partners.

The first question is whether this entry comes within the exception in the fifth section of the act of limitations, as "an acknowledgment under the hand of the party of a subsisting demand."

The principle of the act of limitations is the interest of the public that there should be an end to litigation; a period beyond which a man should not be called to answer stale demands. The time for this purpose is regulated by the nature of the security; bills; notes, acknowledgments under the hand of the party of a subsisting demand. Classed thus the meaning must be an instrument delivered by one to another under his signature acknowledging the demand, and for the express purpose of evidencing that demand. This takes it out of

the reason of the act, for there is no need of protection against a claim thus admitted. An entry by a man on his books is not an acknowledgment of this kind, it is within all the mischief which the statute was designed to remedy, it is not signed by the party, nor made for the purpose of evidence. I don't contend that such an entry may not operate to take a case out of the act of limitations; but I distinguish it from the kind of acknowledgment intended by the act. It is not such an acknowledgment of a debt as is protected by the *six* year limitation. It is evidence of a payment towards the note at the date of the entry; but, not being an acknowledgment under the hand of the party, it is merely a parol admission of the debt and prevents the statute from running not for *six* years, but for *three.* And this on the principle that wherever a promise is relied on as taking a case out of the act of limitations that promise and not the original cause of action is the foundation of the suit, and is affected by the rules of limitation applicable to it. I think I can show this by analogy, though of course not by direct authority as the question could not arise in the English court, the six year limitation being applicable to either kind of admission. The acknowledgment is a new promise and does not draw down the old promise. The new promise is the substantive cause of action. The plff. ought to have been compelled to declare on the new promise. 1 *B. & Ald.* 92; 1 *B. & Cress.* 248; 11 *Com. Law Rep.* 124; 13 *do.* 85, 273. These decisions by the unanimous opinion of the courts in England, overlooking all the old decisions, establish the more rational doctrine that there must be an express promise, and not merely an acknowledgment, to take a case out of the statute and that the promise and not the original cause of action is the matter to be relied on. If therefore it be by parol, suit must be brought within three years, whatever the nature of tne original cause of action. An acknowledgment does not revive the old debt but is evidence of a new promise for which the old debt is a sufficient consideration. 11 *Johns. Rep.* (146,) 161; 22 *Com. Law Rep.* 400, 401.

The entry in this case is more than five years before the suit brought, which is consequently barred.

*Hamilton,* for the plaintiff below contended,

That the payment of the 3rd July 1826 of $100, on account of the note, the same being made by way of a credit to Duncan, entered in the handwriting of one of the partners in the books of the firm, prevented the operation of the act of limitations, and revived the original cause of action.

This note is dated in 1823. There was no limitation to promissory notes until 1829. The payments on account of the note are brought up to 1827. The note then never was barred. We don't go for a debt revived by a new promise. The cases cited might possibly apply to an action on the new promise, but our action is on the note, to which the act has never applied by reason of these acknowledgments. It is like the payment on a bond which prevents it being barred by lapse of time. It is an acknowledgment of a subsisting demand by *note;* not a new promise to revive a debt already barred. It is admitted that the entry or promise by one partner will revive a debt against both. *Douglass* 652; 2 *H. Blac.* 340; 6

*Johns. Rep.* 268.   The entry in the party's book in the shape of an account, is equivalent to a statement made for the other party, and is equally good as evidence of a subsisting debt.   Suppose Woollaston had written a letter to Duncan, stating that the firm had credited his account with $100, by way of payment towards their note, would this not take the case out of the act?  And is not the entry by the party himself in his own book stronger evidence?

Mr. Bayard insists that our suit is substantially on the new promise, the acknowledgment of 3rd July 1826.   This we deny.  It is on the note, the old cause of action which has been kept in full vigor by the acknowledgment.

The acknowledgment of a debt barred takes the case out of the act, and *revives the original cause of action*.   A recital in a deed is good evidence to take a case out of the act of limitations.  8 *Cranch.* 72; *Cox's Digest* 465, *s.* 48, 72, 74; 7 *Cranch* 168.  The admission therefore of a debt due by promissory note within six years of action brought is sufficient.

*Bayard,* in reply.

Don't controvert the authorities cited on the other side except a dictum of Judge Marshall's in the case in *Cranch*.   There is no authority for that position that the promise revives the original cause of action.   The answer to the case of an admission of a debt due by bond is this.   The twenty year bar to a bond is on a presumption of payment which any admission rebuts.   The statute of limitations though sometimes incorrectly placed on this ground proceeds on a different principle, that of safety to the community against stale demands depending on loose evidence, and on the principle of *sit finis litium*.   The plff's. action is certainly brought on the old promise, the note; but our plea of the statute is a sufficient answer to that, and in his replication he sets up the new promise.   He relies then chiefly on the latter; and, if that is barred, his suit fails.   And on the other ground the entry itself is not such an acknowledgment under the hand of the party as is protected by the six year limitation.

*Curia advisare vult.*

*Chief Justice Clayton* delivered the opinion of the court.

CLAYTON, C. J.—"This action was commenced on the 1st May 1832, on a promissory note dated 13th October 1823, for $404.   On the 3rd of July 1826, the deft's. paid in part satisfaction of this note $100, and on the 31st December 1827, the interest remaining due upon the note was paid.   The deft. pleads and relies on the statute of limitations as a bar because the last of these payments was made more than three years before the commencement of the action; that three years is the period of limitation from the time of the last payment and not six;  the old cause of action (the promissory note,) not being revived by the subsequent acknowledgment, the plff. should have proceeded on the new promise, the old cause of action being the consideration only of the new promise.

It is not disputed in this case that a payment of a part of the debt is evidence of a promise to pay the remainder, so as to prevent the operation of the statute as a bar.   Indeed it is now well settled, and has been for more than one hundred years past, that an acknowledg-

ment of a *subsisting* demand, or any recognition of an *existing* debt, is evidence of a promise to pay it. The courts in England from the decision in *Heyling* vs. *Hastings* in 1698, to the case of *Acourt* vs. *Cross* in 1825, have maintained that the ground on which the statute proceeds is, that after a certain time it shall be presumed that a debt has been discharged. An acknowledgment rebuts that presumption, and then the plff. recovers not on the ground of having a new right of action, but that the statute does not apply to bar the old one. This is the language of the judges in *Thornton* vs. *Illingsworth*, (2 *Barn. & Cresw.* 224,) decided in the year 1824. So in the case of *Perham* vs. *Raynall* and others (2 *Bing.* 305.) Chief Justice Best says 'the presumption certainly is that the debt if any has been paid. But the presumption may be rebutted, and is rebutted by a subsequent acknowledgment. From the decision of *Heyling* vs. *Hastings* (1698,) down to the present time (1824,) it has *always* been holden that a new promise *revives* the old debt, but does not create a new one.' It is true this same judge in the year following (1825,) seems to have changed his opinion in this respect, and says 'It seems to me that the plff. should have been required to declare specially on the new promise, and ought not to have been permitted to *revive* his original cause of action. *Acourt* vs. *Cross*, 3 *Bing.* 329. In the case of *Tanner* vs. *Smart*, 6 *Barn. & Cresw.* 603, decided in 1827, it is to be collected from the whole case that this latter opinion of Chief Justice Best is not recognized to be law; for there the original cause of action was declared on, and the only doubt in the case was whether the acknowledgment was such a one as amounted to a promise to pay the debt.

In addition to this we have the uniform decisions of the courts of this state as far back as the memory of the oldest lawyer extends. They have considered the subsequent acknowledgment as reviving the old debt, and not creating a new one. They have in effect treated it as many of the English decisions do, as a waiver of the statute. It has often been decided here as well as in England, that an acknowledgment made after action brought prevented the bar, and this evidence could only have been received on the ground that the old debt was revived; the new promise which is spoken of being subsequent to the commencement of the action could not sustain it. So it has been decided that an acknowledgment by parol, is sufficient evidence to revive the deft's. liability on a contract reduced to writing in pursuance of the statute of frauds; the court saying that a written acknowledgment was not necessary in such a case, because the deft's. liability was fixed by the original promise in writing, and the acknowledgment within six years, was only to show that such liability had not been discharged. 1 *Barn. & Ald.* 690. The practice of declaring by an executor upon a promise to him as such, to pay the debt of the testator was much urged at the bar. In that case no doubt you must declare on the new promise, for every promise to be binding must be made by a person competent to make it, and *to a person in existence to receive it.* 6 *Taunt.* 310; 13 *Com. Law Rep.* 88. Besides, if the executor were to declare on the original promise to the testator, and to the plea of the statute of limitations

were to reply the promise made to himself, it would be a manifest departure in pleading, and a good ground for a demurrer. But who ever saw, as between the original parties, a declaration on the new promise? Has such a case occurred either in England or in this state? We are not aware of such case.

It is not to be denied that the later decisions in England on the statute of limitations have left the law in a confused and unsettled state. Indeed it is difficult to say what is the law at this time on the subject. It is certainly not settled, and seems to vary according to the caprice of the judge who tries the cause. If the old debt is extinguished and you must proceed on the new promise, what is the consideration of that promise? Certainly there is no *legal* obligation to pay a debt extinguished by statute. Chief Justice Best who seems to have taken the lead on this subject, in *Acourt* vs. *Cross,* takes occasion to say that it is unchristian to compel a man to pay a debt barred by the statute, and he repeats the observation in another case. If it is unchristian to compel one to pay such a debt, there cannot be even a *moral* obligation to pay it. And yet this latter is the only ground on which the *consideration* for the new promise is attempted to be supported by those who say that the old debt is *not revived* by the subsequent acknowledgment. But it has never yet been determined that a mere moral obligation is a sufficient consideration to raise an implied promise. 1 *Wheat. Selw.* 42. In such case there must be an *express* promise to be binding on the party. Such is the case of one who contracts a debt during infancy and promises after his arrival at full age to pay it. So in the case of bankruptcy and insolvency. In such cases the law will not imply a promise from the mere acknowledgment of the debt, there must be an express promise to pay. And if the statute of limitations extinguishes the debt, and the subsequent acknowledgment does not *revive* it, there would be no *legal* consideration; it would at most be a mere moral obligation from which the law would not imply a promise to pay, and would not compel one to pay unless he had expressly promised. No one doubts that the naked acknowledgment of a subsisting demand takes the case out of the statute. This has never been denied. If it be so, and no express promise be necessary, you are not to proceed on the new promise but upon the old debt, the remedy which was suspended being restored by the acknowledgment.

Since the late decisions in England to which we have referred, our statutes of limitation have all been revised, and none of the new principles attempted to be established by those decisions are introduced into our statute. Taking the law to be thus that the acknowledgment of a subsisting demand revives the old debt and does not create a new obligation, it follows in this case, where the demand is on a promissory note, that the period of limitation is six years and not three; therefore that the plff. is not barred.

It is not necessary to decide the other question presented to the court; the decision of this question being conclusive against the defendant.' "

*The Court* directed this entry: .

And now, to wit: this thirty-first day of October A. D. 1833, this cause having been heard at the last term of this court, and the same

having been debated by counsel on both sides; and the court having held the same under consideration until this time, it is thereupon considered and adjudged by the court that the claim of the said John Duncan the plff. is not barred by the act of limitations aforesaid, and that the entries aforesaid in the books of Newlin and Woollaston, being all made more than three and within six years before the bringing of this action, had the effect in law of preventing the said act of assembly from being a bar to the recovery of the said promissory note declared on in this action. And it is further considered and adjudged by the court that the said John Duncan the plff. ought to recover in his said action; and it is further considered, adjudged and ordered by the court that the record be remanded to the court below, and that the said Thomas S. Newlin the deft. pay the costs in this court.

*J. A. Bayard,* for defendant below.
*Hamilton,* for plaintiff below.